Ernest L. BRADEN

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. No. 3–75–142.

United States District Court, E. D. Tennessee, N. D.

Jan. 14, 1976.

Joe E. Magill, Clinton, Tenn., for plaintiff.

Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for review of the Secretary of Health, Education and Welfare's final decision denying the plaintiff's claim for black lung benefits. The Federal Coal Mine Health and Safety Act provides that coal miners "who are

totally disabled due to pneumoconiosis arising out of employment in one or more of the Nation's underground coal mines" shall be entitled to black lung benefits. 30 U.S.C. § 901. To establish entitlement to benefits a claimant must prove the following elements: (1) that he is or was a coal miner, (2) that he has pneumoconiosis, (3) that he is totally disabled, (4) that his total disability was caused by pneumoconiosis and (5) that his pneumoconiosis arose out of coal mine employment. 20 C.F.R. § 410.-410(b).

From the record it appears that the Hearing Examiner found that plaintiff established the first four elements but failed to show that his lung condition arose from his coal mine employment.

In this respect, the Hearing Examiner stated:

"The medical evidence preponderates in favor of the proposition that the claimant suffers from a respiratory disease, either emphysema or presumed pneumoconiosis of the severity contemplated by Section 410.414(c) of the Regulations to be 'totally disabling' if the claimant is entitled to a statutory presumption of causation or if the proof establishes that his condition resulted from coal mining experience. He clearly does not qualify within the meaning of any section of the Act or Regulations to a presumption of causation, he having only three years coal mining experience within the meaning of the Act and Regulations. Neither does claimant have a work history of many years in the mines as contemplated by Section 410.-414(b)(4)." (Tr. 16).

■ The necessary causal relation between past coal mine employment and an existing lung condition can be established by evidence showing that a claimant's lung condition was caused by prolonged exposure to coal dust. More frequently, however, claimants establish this element of a black lung claim by relying on 20 C.F.R. § 410.416, which provides as follows:

"(a) If a miner was employed for 10 or more years in the Nation's coal mines, and is suffering or suffered from pneumoconiosis, it will be presumed, in the absence of persuasive evidence to the contrary, that the pneumoconiosis arose out of such employment.

"(b) In any other case, a miner who is suffering or suffered from pneumoconiosis, must submit the evidence necessary to establish that the pneumoconiosis arose out of employment in the Nation's coal mines. (See §§ 410.-110(h), (i), (j), (k), (*l*), and (m).)"

The only issue in the present case is whether there is substantial evidence to support the finding that plaintiff's employment history as a coal miner was of too short a duration to raise the presumption of 20 C.F.R. § 410.416(a), and that he otherwise failed to prove that his lung condition arose out of his coal mine employment.

The Hearing Examiner supported his conclusion that the plaintiff did not have the ten years' employment necessary to raise the presumption of 20 C.F.R. § 410.416(a) with the following analysis of the evidence:

"Claimant's testimony [regarding] his coal mining experience was extremely vague and indefinite. He testified about several different places of employment but was not sure of the dates or length of employment. Much of the experience claimed by the claimant as coal mine experience was as a truck driver hauling coal, part of the time for mine operators and part of the time for independent trucking contractors. Additionally, part of the claimant's experience he claims to be coal mine experience was as a tram operator and he was during that time only twice daily in a mine as he passed through the mountain on his way to and from picking up timber to be delivered at the site of a mine. His application (Exhibit 1), excluding the period of self-employment, indicates a period of approximately three years of coal mining employment. The claim-

ant's wife also testified at the hearing but knew nothing of the claimant's coal mining experience except of a very short period when he was driving a truck hauling coal. She did not know the claimant until 1946 or 1947.

"By finding all evidence most favorably to the claimant, the Administrative Law Judge by liberal calculations finds a period of coal mine experience not exceeding three years."

The thrust of plaintiff's argument is that certain occupations in which he engaged should be considered "coal mine employment" within the meaning of the Act. Plaintiff testified at the administrative hearing that he engaged in "gang work" for many years. (Tr. 48; Plaintiff's Brief at 3.) According to plaintiff's counsel, persons engaged in "gang work" work together digging coal and then divide the proceeds. Plaintiff also testified that he owned a coal mine for three or four months between 1936 and 1939. (Tr. 49). Neither "gang work" nor mine ownership can be considered coal mine employment since neither involves "employment" as it is defined in 20 C.F.R. § 410.110(m). The time that plaintiff spent working in these capacities, therefore, cannot be considered in determining the duration of his coal mine employment.

The record also shows that plaintiff worked as a truck driver for many years. During some of his employment as a truck driver he was not exposed to coal dust. For example, he testified that he drove a truck for TVA between 1958 and 1966 (Tr. 42), for Rust Engineers around 1968 (Tr. 41), and for various other trucking contractors for a period of about five years. (Tr. 52–53).

On the other hand, plaintiff was exposed to coal dust at various times during his employment as a truck driver. He testified that he hauled timber to the Winrock Coal Mine for an indeterminable period during the 1960's, and that he rode a coal car through the underground mines each day to get to his place of employment. (Tr. 44–46.) He also testified that he worked as a truck driver

hauling and shoveling coal for an indeterminable period. (Tr. 52).

Plaintiff contends that these trucking jobs required him to work in the proximity of coal and coal dust and thus should be considered coal mining experience. This contention is without merit. "Coal mine" and "miner" are defined in 20 C.F.R. § 410.110 as follows:

"(h) 'Coal mine' means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities.

\*     \*     \*     \*     \*     \*

"(j) 'Miner' or 'coal miner' means any individual who is working or has worked as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted."

By no stretch of the imagination can plaintiff's employment as a truck driver be considered "coal mine employment" within the meaning of the Act. The Hearing Examiner, therefore, was correct in holding that the time that plaintiff spent working as a truck driver cannot be considered in determining the duration of plaintiff's coal mine employment for the purpose of the presumption set forth in 20 C.F.R. § 410.416(a).

The Hearing Examiner found that plaintiff had no more than three years' coal mining experience. The record shows that plaintiff worked a total of three to five years in the following mines: Stinking Creek (Tr. 42–43), Cambria (Tr. 47), and Braden (Tr. 47). The "Itemized Statement of Earnings Worksheet" provided by the Social Security Administration contains no indica-

tion of any other coal mine employment between 1937 and 1949. (Tr. 84–95). On the basis of an examination of the entire record, it seems clear that there is substantial evidence to support the finding that plaintiff was not entitled to the presumption that his lung condition arose from coal mine employment.

Without the benefit of the presumption, plaintiff was required to establish a causal connection between his mining experience and his lung condition. The Hearing Examiner specifically found that "the preponderance of the evidence establishes claimant's impairment in this case did not arise out of or is not connected with his coal mine employment." (Tr. 17). He based this finding on the absence of medical proof on this element, the short duration of plaintiff's coal mine employment and the degree to which plaintiff was exposed to coal dust in his various occupations. (Tr. 17).

This finding, in the opinion of the Court, is supported by substantial evidence. Plaintiff simply failed to prove that his lung condition arose from coal mine employment. One would have to engage in speculation to find such a causal connection on the basis of the present record. It seems that plaintiff's lung condition is as likely to have arisen from the package of cigarettes that he smoked daily for over forty years as it is to have arisen from his relatively short employment as a coal miner. (*See* Tr. 54, 133).

Accordingly, it is ordered that the decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for black lung benefits be, and the same hereby is affirmed.

Order accordingly.